# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUIS SANTANA REYES,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Civil No. 15-2113 (ADC)
[Related to Crim. No 10-00180 ADC)]

## OPINION AND ORDER

Before the Court is Luis Santana Reyes's ("Santana") motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2241. **ECF No. 1**. Santana claims that his counsel during trial, Attorney Francisco Acevedo-Padilla, provided ineffective assistance because he failed to adequately investigate the case, move for the suppression of the fruits of an allegedly illegal search, and challenge the imposed sentence. **ECF No. 1-2**.

The Government opposes Santana's petition and argues that Santana improperly filed his petition under 28 U.S.C. § 2241, instead of the proper statute, 28 U.S.C. § 2255. The government further asserts that Santana's petition is untimely because it was filed after the one-year statute of limitations applicable to § 2255 actions. **ECF No. 3** at 1-3. The Government further argues that if the Court were to accept Santana's petition as properly filed under § 2241, Santana has failed to exhaust administrative remedies. *Id.* at 5. Finally, the Government argues that even if the Court were to consider Santana's petition on the merits, Santana's counsel did not provide ineffective assistance. *Id.* at 7-8.

Santana replied to the Government's opposition and argues that § 2241 is the proper vehicle for his challenge, which is "not an administrative remedy problem," and, thus, he is not required to exhaust administrative remedies. **ECF No. 4** at 4. The Court now **DENIES** Santana's petition, **ECF No. 1**.

I. **Procedural Background**

On May 10, 2010, Santana pleaded guilty, pursuant to a plea agreement, to one count of unlawful possession of authentication features, 18 U.S.C. §§ 1028(a)(5). **Crim. No. 10-180 (ADC), ECF No. 27**. On August 18, 2010, the Court sentenced him to a term of probation of 3 years. *Id*. at **ECF No. 43**. Santana did not appeal his conviction, which became final on August 28, 2010, when the 14-day term to file his direct appeal expired. *See Trenkler v. United States*, 268 F.3d 16, 22 (1st Cir. 2001); Fed. R. App. P. 4(b) (defendant's notice of appeal must be filed in the district court within 14 days from the entry of judgement).

While on probation for his fraud conviction, on or about June 28, 2011, Santana pleaded guilty to possessing with the intent to distribute 5 kilograms of cocaine, 21 U.S.C. §§ 841 (a)(1) and 846. **Crim. No. 11-243-1 (FAB), ECF No. 90**. On September 12, 2012, the Court revoked Santana's probation and sentenced Santana to a term of imprisonment of 2 years, to be served consecutively to the sentence imposed on December 5, 2012 for his drug-trafficking conviction.[1] **Crim. No. 10-180 (ADC), ECF No. 74**. On December 30, 2014, the First Circuit Court of Appeals

---

[1] On December 5, 2012, the Court sentenced Santana to a term of imprisonment of 135 months for his drug-trafficking conviction, to be served consecutively with the sentence imposed in Crim. No. 10-180 (ADC). **Crim. No. 11-243-1 (FAB), ECF No. 127**.

entered judgment, affirming the revocation of probation. *United States v. Santana-Reyes*, No. 12-2211 (1st Cir. 2014).

## II. Discussion

A "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thornton v. Sabol,* 620 F.Supp.2d. 203, 206 (D.Mass. 2009) (emphasis in original) (quoting *Jiminian v. Nash,* 245 F.3d. 144, 146 (2nd Cir. 2001)). However, Santana's petition does not challenge the execution of his sentence, but rather the validity of his sentence. And, "[t]he case law is clear that the proper vehicle for a collateral challenge to a criminal conviction and/or sentence is through a motion filed under section 2255 with the sentencing court." *Rodríguez v. Martínez*, 935 F. Supp. 2d 389, 395 (D.P.R. 2013).

Pursuant to § 2255(e), a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under § 2241 unless it becomes apparent that a motion to vacate under § 2255 is "inadequate or ineffective to test the legality of his detention." *Sustache-Rivera v. United States,* 221 F.3d 8, 12 (1st Cir. 2000); *see also United States v. Barrett,* 178 F.3d 34, 38 (1st Cir. 1999). Santana recognizes that he did not file a petition under § 2255 because he "was time barred to file a §2255," and therefore proceeded with a § 2241 "based on newly discovered evidence." **ECF No 1** at 5. However, a "petitioner may not circumvent the[] statutory restrictions [of Section 2255] by filing a habeas petition under Section 2241 instead of Section 2255." *Barrett,* 178 F.3d at 50-52. Because of this, "any motion filed in the district court that falls

within the scope of a motion to vacate under § 2255, is a motion to vacate under § 2255, no matter what title the petitioner uses on the cover." *Trenkler*, 536 F.3d at 97. And courts "regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from Section 2255, and, thus, must satisfy that section's gatekeeping provisions." *Id.* (citing *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003)). Thus, the Court will construe Santana's petition as one under § 2255.

Santana's conviction became final on August 28, 2010,[2] when the 10-day term to file his direct appeal expired. He filed this petition on August 15, 2015, almost 4 years after the one-year period of limitations for filing his § 2255 petition expired in August, 2011. *See* 28 U.S.C. § 2255(f). Santana argues that he is entitled to equitable tolling of this one-year statute of limitations because he has discovered new evidence with which to challenge his conviction: that his defense counsel knew that the FBI and Puerto Rico police entered his business without a search warrant, but he never moved for suppression of the seized evidence. **ECF No. 1-2** at 5.

The record before the Court clearly contradicts Santana's claim that there was no search warrant: the Complaint Affidavit subscribed by an FBI Agent states that law enforcement officers executed search warrant "10-162(m)," **Crim. No. 10-180 (ADC), ECF No. 1-2**, and the Court issued that search warrant. *See* **Maj. No. 10-162-1 (JA)**. Santana's petition also does not indicate when he discovered this alleged new evidence. Accordingly, Santana's claim does not warrant equitable tolling and his habeas petition is untimely.

---

[2] In 2009, statutory provisions provided for ten (10) day period to appeal from conviction and judgment. Fed. R. App. P. 4(b)(1)(A) (2009 Amendments)

Furthermore, even if the Court were to consider Santana's claims of ineffective assistance of counsel, they also fail on the merits. In order to establish ineffective assistance of counsel, a § 2255 petitioner must meet the two-part *Strickland* standard and demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Thus, a petitioner "has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Smullen v. U.S.*, 94 F.3d 20, 23 (1st Cir. 1996) (citing *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)); *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990)). The petitioner bears a heavy burden of proof in this regard. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996). However, "a reviewing court need not address both requirements if the evidence as to either is lacking." *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Here, Santana has not demonstrated that his counsel's performance was deficient, or how his alleged deficient performance prejudiced him. In fact, the plea agreement—which Santana does not contest its validity—shows that the Government and Santana agreed that a term of imprisonment between 6-12 months would be a reasonable sentence. **Crim. No. 10-180 (ADC), ECF No. 25** at 3. The pre-sentence investigation report identified an applicable guideline imprisonment range from 6-12 months. *Id.*, **ECF No. 9**. However, the Court showed leniency to Santana and imposed a probationary sentence of three years, instead of the guideline-

recommended term of imprisonment which was the term accepted as reasonable by petitioner in the plea agreement. *Id.*; **ECF No. 43**. Accordingly, Santana did not suffer any prejudice because there is no reasonable probability that Santana would have received a lower sentence, even if his defense counsel had challenged the imposed sentence. Furthermore, Santana's defense counsel did not provide ineffective assistance because, contrary to Santana's assertion, there was a valid search warrant.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that a "district court must issue or deny a certificate of appealability ('COA') when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because petitioner has not demonstrated that he was denied a constitutional right, the Court finds that petitioner is not entitled to a COA. Thus, the Court will not grant petitioner a COA pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek a certificate directly from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22(b)(1).

### IV. Conclusion

In light of the above, Santana's motion to vacate, set aside or correct his sentence is **DENIED** as untimely under 28 U.S.C. § 2255(f). The case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of August, 2018.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**